

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli      **JUDGE ABRAMS**
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| **MARIA NOVOZHILOVA and MILANY MARQUEZ,** on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> **GOD SAVE THE KING, LLC, MICHAEL SATSKY, and BRIAN GEFTER,** <br><br> Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiffs Maria Novozhilova and Milany Marquez (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, misappropriated tips, and other wages for Plaintiffs and their similarly situated co-workers – servers, bussers, runners, barbacks, bartenders, hosts, and all other "tipped service workers" – who work or have worked at Provocateur Nightclub and/or Provocateur Café, located inside the Gansevoort Hotel at 18 Ninth Avenue in New York, New York (collectively "Provocateur").

2.      According to its website, "Provocateur is a nightlife oasis offering an alluring and seductive ambiance" that embodies "the splendors of international nightlife by providing its world traveler clientele impeccable hospitality in a fanciful atmosphere that exudes timeless luxury." Provocateur is owned, operated, and controlled by Defendants God Save The King,

LLC, Michael Satsky, and Brian Gefter (collectively "Defendants"), experienced club owners affiliated with some of the most well known nightspots all over the world, such as Stereo and Lily Pond in New York, Club Gotha in Cannes, France, and Club Amnesia in Ibiza, Spain.

3.       Provocateur is known as a mecca of New York City nightlife, and is frequently touted in the New York Post for being one of the most exclusive clubs in New York City and bringing in the biggest house DJs in the world, including Avicii, Kaskade, and Deadmau5. The club has hosted the GQ Fashion Week Party, Sports Illustrated Swimsuit Launch Party, and several other exclusive events during Fashion Week, and has served numerous famous celebrity guests, including Jay-Z, Adrian Grenier, Serena Williams, Omarion, Trey Songz, Sean Avery, and Paris Hilton.

4.       Provocateur charges its customers a mandatory 22 percent (22%) service charge for all food and beverage service. Defendants have led their customers to reasonably believe that the service charges are gratuities to be paid to the tipped service workers. In reality, a portion of the service charges are retained by Provocateur and/or distributed to non-service employees. This practice was held to be unlawful by the New York Court of Appeals in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008).

5.       At all times relevant, Defendants paid Plaintiffs a reduced, tipped minimum wage rate. Defendants, however, did not satisfy the requirements under the Fair Labor Standards Act or the New York Labor Law by which they could take a tip credit towards the basic minimum hourly rate paid to Plaintiffs.

6.       Provocateur frequently hosts large private parties/special events such as Ashton Kutcher's 33rd birthday party, Katy Perry's "Teenage Dream" MSG Show After-Party, Paolo Zampolli's 42nd birthday party, and Kanye West's movie debut after-party, which are attended by celebrity guests, including Ben Stiller, Demi Moore, Kelly Ripa, Zac Efron, Susan Sarandon, Russell Simmons, Sean Avery and Kid Cudi. When Defendants contract with customers to host these events,

they charge customers a mandatory service charge and/or gratuity. Defendants have led their customers to believe that these service charges are gratuities being paid to the tipped service workers. In reality, however, the tipped service workers do not receive these gratuities. Instead, the tipped service workers are paid a flat rate for these events, which is substantially less than what they should have received if they had properly received the entire gratuity.

7. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former tipped service workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

8. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former tipped service workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Maria Novozhilova

9. Plaintiff Maria Novozhilova ("Novozhilova") is an adult individual who is a resident of New York, New York.

10. Novozhilova was employed by Defendants as a server at Provocateur from in or around September 2010 to September 8, 2012.

11. Novozhilova is a covered employee within the meaning of the FLSA and the NYLL.

12. A written consent form for Novozhilova is being filed with this Class Action Complaint.

**Milany Marquez**

13.     Plaintiff Milany Marquez ("Marquez") is an adult individual who is a resident of New York, New York.

14.     Marquez was employed by Defendants as a server at Provocateur from in or around April 2011 to September 2012.

15.     Marquez is a covered employee within the meaning of the FLSA and the NYLL.

16.     A written consent form for Marquez is being filed with this Class Action Complaint

**Defendants**

17.     Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

18.     Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

19.     Defendants' operations are interrelated and unified.

20.     During all relevant times, Provocateur shared a common management, and was centrally controlled and/or owned by Defendants.

**God Save The King, LLC**

21.     Together with the other Defendants, God Save The King, LLC ("GSTK") has owned and/or operated Provocateur during the relevant period.

22.     GSTK is a domestic business corporation organized and existing under the laws of New York.

23.     Upon information and belief, GSTK's principal executive office is located at 18 Ninth Avenue, New York, New York 10014.

24.     At all times relevant, GSTK has been the corporate entity listed on Plaintiffs' paychecks and W-2 forms.

25.     GSTK is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

26.     At all times relevant, GSTK maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, policies governing the allocation of service charges, and other employment practices that applied to them.

27.     GSTK applies the same employment policies, practices, and procedures to all tipped service workers at Provocateur, including policies, practices, and procedures with respect to the payment of minimum wage and customer tips.

28.     At all times relevant, GSTK has had the power to transfer the assets or liabilities of Provocateur.

29.     At all times relevant, GSTK has had the power to declare bankruptcy on behalf of Provocateur.

30.     At all times relevant, GSTK has had the power to enter into contracts on behalf of Provocateur.

31.     At all times relevant, GSTK's annual gross volume of sales made or business done was not less than $500,000.00.

**Individual Defendants**

**Michael Satsky**

32.     Upon information and belief, Defendant Michael Satsky ("Satsky") is a resident of the State of New York.

33.     Satsky is a co-owner of GSTK and Provocateur.

34.     Satsky is identified by the New York State Liquor Authority as a "Principal" of the premises named "God Save The King LLC" d/b/a "Provocateur Night Club."

35.     At all times relevant, Satsky has had power over personnel decisions at Provocateur, including the power to supervise employees, hire and fire employees, set employees' wages and schedules, retain time and/or wage records, and otherwise control the terms and conditions of workers' employment.

36.     At all times relevant, Satsky has been actively involved in managing the day to day operations of Provocateur.

37.     At all times relevant, Satsky has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

38.     At all times relevant, Satsky has had the power to transfer the assets or liabilities of Provocateur.

39.     At all times relevant, Satsky has had the power to declare bankruptcy on behalf of Provocateur.

40.     At all times relevant, Satsky has had the power to enter into contracts on behalf of Provocateur.

41.     Satsky is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**Brian Gefter**

42.     Upon information and belief, Defendant Brian Gefter ("Gefter") is a resident of the State of New York.

43.     Gefter is a co-owner of GSTK and Provocateur.

44.     Gefter is identified by the New York State Liquor Authority as a "Principal" of the premises named "God Save The King LLC" d/b/a "Provocateur Night Club."

45.     At all times relevant, Gefter has had power over personnel decisions at Provocateur, including the power to supervise employees, hire and fire employees, set employees' wages and schedules, retain time and/or wage records, and otherwise control the terms and conditions of workers' employment.

46.     At all times relevant, Gefter has been actively involved in managing the day to day operations of Provocateur.

47.     At all times relevant, Gefter has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

48.     At all times relevant, Gefter has had the power to transfer the assets or liabilities of Provocateur.

49.     At all times relevant, Gefter has had the power to declare bankruptcy on behalf of Provocateur.

50.     At all times relevant, Gefter has had the power to enter into contracts on behalf of Provocateur.

51.     Gefter is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees

## JURISDICTION AND VENUE

52.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

53.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

54.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

55.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

56.    Plaintiffs bring the First Cause of Action, a FLSA claim, on behalf of themselves and all similarly situated persons who have worked as tipped service workers at Provocateur in New York, who elect to opt-in to this action (the "FLSA Collective").

57.    Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid minimum wages for all hours worked.

58.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

59.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)    willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours; and

(b)    willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

60.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by unlawfully taking a tip credit against the minimum wage rate paid to Plaintiffs and the FLSA Collective.

61.    Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective minimum wage for all of the hours they worked.

62.     Plaintiffs and the FLSA Collective perform or performed the same primary duties.

63.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as tipped service workers and similar employees at Provocateur in New York between October 10, 2006 and the date of final judgment in this matter (the "Rule 23 Class").

65.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

66.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

67.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

68.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

69.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

(c)     whether Defendants misappropriated tips and/or service charges from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(d)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(e)     whether Defendants failed to keep true and accurate time, pay and tip records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(f)     whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(g)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h)     the nature and extent of class-wide injury and the measure of damages for those injuries.

70.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendants as tipped service workers at Provocateur in New York.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked and to retain customer tips.  Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

71.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Rule 23 members.

72.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

73.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

74.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Maria Novozhilova**

75.     Defendants did not pay Novozhilova the proper minimum wages for all of the time that she was suffered or permitted to work each workweek.

76.     Novozhilova received weekly paychecks from Defendants that did not properly record or compensate her for all of the hours she worked.

77.     Defendants paid Novozhilova using the tip credit minimum wage rate, rather than the full minimum wage rate.

78.     Defendants failed to inform Novozhilova of the provisions of subsection 203(m) of the FLSA.

79.     Defendants did not allow Novozhilova to retain all of the tips and/or gratuities she earned.

80.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Novozhilova earned.

81.     Defendants imposed upon Novozhilova a tip redistribution scheme to which she never agreed.

82.     Defendants unlawfully redistributed part of Novozhilova's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL.

83.     Defendants did not keep accurate records of wages or tips earned, or of hours worked by Novozhilova.

84.     Defendants failed to furnish Novozhilova with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

**Milany Marquez**

85.     Defendants did not pay Marquez the proper minimum wages for all of the time that she was suffered or permitted to work each workweek.

86.     Marquez received weekly paychecks from Defendants that did not properly record or compensate her for all of the hours she worked.

87.     Defendants paid Marquez using the tip credit minimum wage rate, rather than the full minimum wage rate.

88.     Defendants failed to inform Marquez of the provisions of subsection 203(m) of the FLSA.

89.     Defendants did not allow Marquez to retain all of the tips and/or gratuities she earned.

90.     Defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Marquez earned.

91.     Defendants imposed upon Marquez a tip redistribution scheme to which she never agreed.

92.     Defendants unlawfully redistributed part of Marquez's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL.

93.     Defendants did not keep accurate records of wages or tips earned, or of hours worked by Marquez.

94.     Defendants failed to furnish Marquez with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

95.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

97.     At all times relevant, Plaintiffs and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

98.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

99.     At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

100.    Defendants failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

101.    Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

102.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

103.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

104.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

105.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

106.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

107.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

108.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of the Rule 23 Class, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

109.   Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

110.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

111.   Defendants were required to pay Plaintiffs and the members of the Rule 23 Class the full minimum wage at a rate of (a) $6.75 per hour for all hours worked from October 10, 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

112.   Defendants failed to furnish with every payment of wages to Plaintiffs and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

113.   Defendants required Plaintiffs and the members of the Rule 23 Class to share gratuities with non-tip eligible employees. As a result, Plaintiffs and the members of the Rule 23 Class are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

114.   Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

115.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law –Tip Misappropriation**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

116.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

117.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

118.    At all times relevant, each Defendant has been an employer within the meaning of the NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

119.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

120.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

121.    Defendants unlawfully retained part of the gratuities earned by Plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

122.    Defendants required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d and the supporting New York State Department of Labor Regulations.

123.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146, entitling Plaintiffs and the members of the Rule 23 Class to the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law– Recordkeeping Violation**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

124.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class notice as required by NYLL, Article 6, § 195, in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

126.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

127.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all tipped service workers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Provocateur in New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Articles 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, misappropriated tips, and liquidated damages permitted by law pursuant to the NYLL;

G.      One hundred dollars for each work week that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198(1)-d.

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       October 10, 2012

                              Respectfully submitted,

                              _____
                              Brian S. Schaffer

                              **FITAPELLI & SCHAFFER, LLP**
                              Joseph A. Fitapelli
                              Brian S. Schaffer
                              Eric J. Gitig
                              475 Park Avenue South, 12th Floor
                              New York, New York 10016
                              Telephone: (212) 300-0375

                              *Attorneys for Plaintiffs and*
                              *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Provocateur and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_Maria Novozhilova_
Signature

MARIA NOVOZHILOVA
Full Legal Name (Print)

███████████████████
Address

███████████████████
City, State        Zip Code

███████████████████
Telephone Number

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Provocateur and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Signature

_____
Full Legal Name (Print)

_____
Address

_____
City, State        Zip Code

_____
Telephone Number